## In the
## United States Court of Appeals
### For the Seventh Circuit

No. 10-3784

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENDRICKS D. KILCREASE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 09-10057-001—**Michael M. Mihm**, *Judge.*

ARGUED NOVEMBER 8, 2011—DECIDED JANUARY 6, 2012

Before KANNE, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Kendricks Kilcrease pled guilty to possessing crack cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1). As part of his plea agreement he promised to cooperate with the government in exchange for a chance at a lower sentence. He also waived the right to challenge on appeal "any and all issues" arising from his conviction and sentence. The district court sentenced Kilcrease to life imprisonment,

the statutory minimum given the amount of crack, his prior convictions for felony drug offenses, and the government's decision not to move for a sentence below the mandatory minimum. See 21 U.S.C. §§ 841(b)(1)(A)(iii), 851 (2006).

Kilcrease argues on appeal that the plea agreement is unenforceable and, in the alternative, that the government breached that agreement by not moving under 18 U.S.C. § 3553(e) to reduce his sentence below the statutory minimum based on what he says was substantial assistance. We conclude, however, that the plea agreement in general and the appellate waiver are enforceable. There also is nothing in the record indicating that the government harbored any improper motive or acted irrationally in declining to move for a sentence reduction. Accordingly, we dismiss the appeal.

I.

Kilcrease was arrested in Peoria, Illinois, after traveling by bus from Chicago with 174 grams of crack and 17 grams of heroin. He was charged by indictment with violating § 841(a)(1), and the prosecutor filed a notice of enhancement under § 851 listing three prior convictions for felony drug offenses. In a written plea agreement, Kilcrease agreed to cooperate with the government in exchange for possible sentencing concessions. In addition to the waivers of Kilcrease's appellate and post-conviction rights, his plea agreement included a representation by the government that it reserved for itself "the right, in its sole discretion," to request a sentence

below the statutory minimum life sentence if Kilcrease provided what the government deemed to be substantial assistance in the investigation or prosecution of other criminal offenses. (A motion by the government under 18 U.S.C. § 3553(e) provided the only mechanism for avoiding a mandatory life sentence, unless the government amended its § 851 notice.) The government also promised not to file more charges based on the offense conduct and agreed that Kilcrease qualified for a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility.

The district court conducted a thorough plea colloquy pursuant to Federal Rule of Criminal Procedure 11. The court discussed with Kilcrease the elements of the offense charged. He admitted that he brought at least 50 grams of crack to Peoria with the intent to sell it. The court detailed "the very broad nature" of Kilcrease's appellate waiver, which Kilcrease assured the court he understood. Kilcrease admitted having at least two convictions for a felony drug offense, and the court ensured his understanding that, as a result, he faced a mandatory sentence of life imprisonment. The only avenue for a sentence below life, the court explained, would be a motion for a reduced sentence, made by the government "in its sole discretion," based on substantial assistance from Kilcrease. At first Kilcrease acknowledged that he understood that the government retained discretion whether to move for a lower sentence. The court asked if he had any questions, and he then said that he "didn't know it was like that." That comment prompted the district court to recess the plea colloquy so

that Kilcrease could speak with his attorney. When the proceeding resumed later in the day, Kilcrease expressed his understanding of the government's discretion and confirmed that he wished to proceed with his guilty plea under the agreement. The court accepted his guilty plea.

Eight months later, while awaiting sentencing, Kilcrease filed a pro se motion to withdraw that plea. He maintained that during the plea negotiations his lawyer had led him to believe that the government might dismiss the § 851 filing or amend it to allege only one prior felony conviction. (Without any recidivism enhancement, the minimum prison sentence would have been 10 years. With an enhancement based on only one conviction, the minimum sentence would have been 20 years. 21 U.S.C. § 841(b)(1)(A) (2006).) After the district court had permitted defense counsel to withdraw and appointed substitute counsel, Kilcrease withdrew that motion.

At the beginning of Kilcrease's sentencing hearing, the attorneys met with the district court *in camera* to discuss the extent of Kilcrease's cooperation. The government informed the court that it would not move under § 3553(e) for a sentence below the statutory minimum. Kilcrease had begun "a course of cooperation," the prosecutor explained, but his assistance had not led to any arrests or charges. Defense counsel did not dispute this representation but argued that Kilcrease's efforts still should be rewarded and added that Kilcrease had offered assistance in a pending prosecution. The

prosecutor told Kilcrease that a post-judgment motion for a reduced sentence under Federal Rule of Criminal Procedure 35 was still a possibility if future cooperation proved useful.

After the *in camera* proceeding, the district court imposed the mandatory sentence of life imprisonment. Without the § 851 enhancement, Kilcrease's total offense level of 34 and criminal history category of VI would have yielded a guidelines imprisonment range of 262 to 327 months.

## II.

Kilcrease's appeal fails at the threshold of the appellate waiver in his plea agreement. To avoid that waiver, Kilcrease argues that the plea agreement is void because, he maintains, there was no consideration given for his guilty plea. At the same time, however, Kilcrease seeks specific performance of the supposedly "void" plea agreement. Specific performance, in his view, would amount to ordering the government to file a § 3553(e) motion. The government counters that Kilcrease's appeal waiver is enforceable and that we should dismiss this appeal.

We enforce appellate waivers when the "terms are express and unambiguous, and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011); see *United States v. Worden*, 646 F.3d 499, 502 (7th Cir. 2011); *United States v. Chapa*, 602 F.3d

865, 868 (7th Cir. 2010). Kilcrease does not contend that he misunderstood the appellate waiver. Instead, he characterizes the waiver as part of an unenforceable plea agreement. Since a waiver of appeal is not valid if the underlying plea agreement is unenforceable, *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), our starting point is the plea agreement. And because Kilcrease abandoned his effort in the district court to withdraw the guilty plea entered pursuant to that agreement, we review only for plain error. See *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Polak*, 573 F.3d 428, 431 (7th Cir. 2009).

Kilcrease, who is represented by new counsel on appeal, first contends that he received no consideration in exchange for his guilty plea. He acknowledges that the government not only promised to forgo bringing more charges but also agreed to a reduction for acceptance of responsibility and gave him the opportunity to cooperate to a degree that might earn him a sentence below the mandatory minimum. As a consequence of facing a mandatory life sentence, however, the only practical benefit he received from the agreement was the government's promise to consider moving for a reduced sentence. We agree that without a government motion under § 3553(e), the other terms of the plea agreement could not have benefitted Kilcrease, so we focus our attention on that term. Kilcrease contends that the discretion afforded the government in deciding whether to make the motion rendered the promise illusory and the plea agreement unenforceable.

We recognize that Kilcrease was in a very weak bargaining position. He had been caught red-handed with a distribution quantity of crack cocaine and he had several prior drug felonies. Substantial assistance was his only hope of avoiding a life sentence, and the prosecution could not promise him a break without knowing what assistance he could provide. The weakness of Kilcrease's position was evident in his plea agreement. The question is whether the opportunity to convince the prosecution to move for a lower sentence provided sufficient consideration to make the agreement enforceable.

We find that it did. The prosecutorial discretion inherent in evaluating and deciding whether and how to reward a defendant's cooperation does not, by itself, render a plea agreement invalid. See *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Billings*, 546 F.3d 472, 476-77 (7th Cir. 2008); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003). We agree with the Third Circuit that a promise to evaluate in good faith whether a defendant's cooperation warranted a § 3553(e) motion provided sufficient consideration for his guilty plea. *United States v. Isaac*, 141 F.3d 477, 483 (3d Cir. 1998) (government's promise to consider motion for substantial assistance departure required government to act in good faith and therefore provided sufficient consideration to support plea agreement: "Isaac did not strike an illusory bargain. He, as would anyone else in the same position, had a reasonable expectation that there would be a discretionary evaluation of his cooperation in good faith."); see also *United States v. Brown*, 571 F.3d 690, 695 (7th Cir. 2009) (recognizing a valid plea

agreement can give government unilateral authority to determine whether defendant has earned a government motion for lower sentence); *United States v. Artley*, 489 F.3d 813, 825 (7th Cir. 2007) (same); *United States v. Rexach*, 896 F.2d 710, 713-14 (2d Cir. 1990) (citing Restatement (Second) of Contracts § 228, comment a, and holding that plea agreement that left downward departure motion to discretion of government required honest, good faith evaluation by government, which was en-forceable requirement). The plea agreement here did not fail for lack of consideration.

Kilcrease also argues that, even if there was consider-ation for his guilty plea, he did not enter that plea know-ingly. He asserts primarily that he did not understand that, unless the government filed a § 3553(e) motion, he faced a mandatory life sentence. But Kilcrease already had received notice through the § 851 enhance-ment that the government knew about his three prior convictions for felony drug offenses, and his plea agree-ment explicitly stated that two such convictions would be enough to subject him to a mandatory life sentence. Immediately after the district court explained that Kilcrease was facing a mandatory life sentence, the court then asked: "Do you understand that you are facing life imprisonment here?" He responded: "Yes, sir." Kilcrease's representations at the plea colloquy are pre-sumed truthful, and he does not suggest to this court that he was lying when he made them. See *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010); *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004).

Instead Kilcrease focuses on an exchange that occurred a few minutes later in the colloquy. The district court explained that the only way Kilcrease could avoid a life sentence was if the government decided to file a motion to that effect, that neither the court nor Kilcrease could force the government to do so, and that even if the government filed the motion, the court could deny it. Kilcrease initially said he understood but then said: "I didn't know it was like that." The court immediately and properly took a recess to give Kilcrease an opportunity to talk with his lawyer about the matter.

When the hearing resumed later in the day, the court reminded Kilcrease about the issue of the government's discretion to decide whether to file a motion for a sentence of less than life in prison. The court asked Kilcrease if he understood the explanation that only the government could make the motion described in paragraph 15 of the plea agreement. Kilcrease responded: "Yes, sir." Although the exchange after the recess could have been more detailed, we are satisfied that the district court took sufficient care to ensure that Kilcrease understood his choice and reasonably found that he did. The care the district court took to explain the mandatory life sentence and Kilcrease's repeated assurances that he understood demonstrate that he knowingly and voluntarily entered the guilty plea. See *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010); *Chapa*, 602 F.3d at 868-69; *United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010).

Kilcrease presses one further argument about the validity of his guilty plea: He contends that the district

court did not develop an adequate factual basis for the plea because he never expressed his intent to distribute the crack. By pleading guilty, though, Kilcrease admitted the essential elements of the offense, including the element of intent to distribute. See *United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011); *Torzala v. United States*, 545 F.3d 517, 524 (7th Cir. 2008). That admission was enough, but Kilcrease himself also said during the plea colloquy that the crack he brought to Peoria "was supposed to [get] sold." Moreover, Rule 11(b)(3) requires only that the district court assure itself that a factual basis exists for a defendant's guilty plea. *United States v. Burnside*, 588 F.3d 511, 522 (7th Cir. 2009); *United States v. Peleti*, 576 F.3d 377, 382 (7th Cir. 2009). In this instance the court would have inferred Kilcrease's intent to distribute the crack just from the fact that it weighed 174 grams. See *United States v. Baker*, 655 F.3d 677, 684 (7th Cir. 2011); *United States v. Ortiz*, 474 F.3d 976, 983 (7th Cir. 2007).

Kilcrease's guilty plea thus is valid, and so too is his waiver of appeal. See *Sakellarion*, 649 F.3d at 639; *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). As the government argues, then, this appeal must be dismissed. We note, though, that the waiver is only one of the intractable obstacles facing Kilcrease, who does not even allege a basis from which to conclude that the government improperly refrained from moving for a reduced sentence under § 3553(e). A prosecutor's decision to withhold a discretionary motion for a reduced sentence based on cooperation is not subject to judicial scrutiny unless the defendant has alleged, and made a

"substantial threshold showing," that the decision was based on an unconstitutional motive or was not rationally related to any legitimate government end. *Wade*, 504 U.S. at 185-86; see *United States v. Miller*, 458 F.3d 603, 605 (7th Cir. 2006). Kilcrease does not assert either of these forbidden grounds. Instead he insists that the government provided "zero information as to how they are dissatisfied with the defendant's truthfulness." The prosecutor explained at sentencing, however, that a § 3553(e) motion had not been filed because Kilcrease's proffer had "borne no fruit whatsoever." Kilcrease did not contest the prosecutor's statement or claim a breach of the plea agreement. His belated disagreement with the government's assessment of his cooperation raises no reviewable objection. *Billings*, 546 F.3d at 476-77; *Miller*, 458 F.3d at 605; *Emerson*, 349 F.3d at 988.

DISMISSED.