NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013
Decided January 25, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1156

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 11-CR-30184-001-WDS |
| DONTAE RAYMON REID, *Defendant-Appellant*. | William D. Stiehl, *Judge*. |

## O R D E R

While on bond awaiting trial on a charge of possession of body armor by a felon, *see* 18 U.S.C. § 931, Dontae Reid entered a residence at gunpoint and abducted one of the occupants. Police arrested him and found the gun shortly after this home invasion, and federal authorities then added a second charge—with a new case number—of possession of a firearm by a felon, *see id*. § 922(g)(1). Reid pleaded guilty to both crimes and, during a combined sentencing proceeding, received concurrent prison terms of 108 months for possessing the gun and 36 months for possessing the body armor. Reid has filed a notice of appeal only from his firearm conviction. His appointed lawyer asserts, however, that the possible appellate claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We granted Reid's request for additional time to respond to counsel's submission, and though his motion mentions issues he contemplated discussing, Reid never

followed through. *See* CIR. R. 51(b). Thus we confine our review to counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

As part of his plea agreement on the gun charge, Reid waived the right to appeal "any aspect of his conviction and sentence," though he reserved the right to challenge the reasonableness of any "sentence imposed in excess of the Sentencing Guidelines as determined by the Court." In exchange, the government agreed not to prosecute him for committing an offense while on bond, *see* 18 U.S.C. § 3147. "We enforce appellate waivers when their terms are express and unambiguous, and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011) (internal citation and quotation marks omitted). The express terms of Reid's waiver are satisfied, and his waiver thus is binding if his guilty plea was entered voluntarily. *E.g.*, *United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012); *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). Reid has told counsel to challenge his plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002), but since he did not move to withdraw it in the district court, our review of any appellate claim would be limited to plain error, *see United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). Counsel concludes, and we agree, that a challenge to the guilty plea would be frivolous because the district court substantially complied with Federal Rule of Criminal Procedure 11(b). The court explained the nature of the gun charge, told Reid the consequences of pleading guilty (including his appeal waiver), ensured that his plea was voluntary, and determined that a factual basis for the plea exists. *See United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003).

Accordingly the motion to withdraw is GRANTED, and the appeal is DISMISSED.