NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013
Decided February 11, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1693

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| WBALDO RAMIREZ-CORONADO, *Defendant-Appellant.* | No. 2:10CR000026-015 |
| | Jane E. Magnus-Stinson, *Judge.* |

**O R D E R**

Wbaldo Ramirez and two other men tried forcing their way into an apartment at gunpoint but fled when they saw police approaching. The three gunmen had been sent to recover $100,000 the occupant owed their boss from selling his methamphetamine. Ramirez pleaded guilty to conspiring to obstruct commerce by robbery, 18 U.S.C. § 1951, and conspiring to possess a firearm in furtherance of a crime of violence, *id.* § 924(c), (o). As part of a plea agreement limiting the district court's sentencing discretion, *see* FED. R. CRIM. P. 11(c)(1)(C), Ramirez was promised a prison sentence between 63 and 97 months' imprisonment and in exchange waived unconditionally his right "to appeal the conviction and any sentence imposed on any grounds." He also waived the right to file a future motion to vacate under 28 U.S.C. § 2255. The district court accepted the plea agreement and sentenced Ramirez to concurrent terms of 97 months.

Despite his appeal waiver and prison sentence within the agreed range, Ramirez filed a notice of appeal. His appointed lawyer asserts, however, that the possible appellate claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Ramirez has not opposed counsel's motion. *See* CIR. R. 51(b). We confine our review to counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

We agree with counsel that an appeal would be frivolous. Not only is Ramirez bound by his appellate and § 2255 waivers if his guilty pleas were entered voluntarily, *see United States v. Kilcrease*, 665 F.3d 924, 927 (7th Cir. 2012); *Keller v. United States*, 657 F.3d 675, 681 (2011); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), but a defendant who bargains for a specific sentence under Rule 11(c)(1)(C) cannot even appeal if the district court has accepted the plea agreement and imposed the agreed sentence, *see* 18 U.S.C. § 3742(a)(1), (c)(1); *United States v. Gibson*, 490 F.3d 604, 607 (7th Cir. 2007); *United States v. Cieslowski*, 410 F.3d 353, 363–64 (7th Cir. 2005); *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir. 1996). Counsel has not indicated whether Ramirez wishes to challenge his pleas, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002), but concludes, and we agree, that any challenge would be frivolous. Our review would be limited to plain error because Ramirez did not move to withdraw his guilty pleas in the district court, *see United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008), and, regardless, the district judge substantially complied with Federal Rule of Criminal Procedure 11(b). The judge explained the nature of the charges, told Ramirez the consequences of pleading guilty (including that he was waiving his right to appeal), ensured that the pleas were voluntary, and determined that a factual basis for those pleas exists. *See United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). Moreover, 97 months is the sentence Ramirez agreed to accept.

Accordingly, the motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.