NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 15, 2013
Decided March 19, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-1618

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-00142 |
| FLAVIO ARGUMENDO HERNANDEZ, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Flavio Hernandez, a citizen of Mexico living in Wisconsin, phoned a drug supplier to negotiate the purchase of nine ounces of cocaine. The two men did not reach agreement that day, so they continued negotiating by phone a day later. Those conversations were intercepted and recorded during an ongoing government wiretap, and a grand jury eventually indicted Hernandez and eight other men for conspiracy to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The indictment alleged that the conspiracy involved at least 5 kilograms of cocaine, enough for Hernandez to face a statutory minimum of 10 years' imprisonment. *See id.* § 841(b)(1)(A)(ii).

Hernandez did not resolve the conspiracy charge until the day trial was set to begin. That morning, according to the lawyer who represented him (and still does), the parties

were actively engaged in plea negotiations and struck a deal that allowed Hernandez to waive indictment and plead guilty to using a telephone to facilitate a drug transaction. That crime has a statutory maximum of 4 years' imprisonment and no minimum penalty. *See* 21 U.S.C. § 843(b). The conspiracy charge was dismissed. This deal was never reduced to writing or acknowledged in open court when Hernandez pleaded guilty to the § 843(b) charge. When the judge asked him if there was a plea agreement, Hernandez said no.

Later at sentencing the district court calculated a guidelines imprisonment range of 27 to 33 months, based on a total offense level of 18 and a criminal-history category of I. By then, Hernandez had been detained for 19 months. Both parties recommended that he be sentenced to time served, and the district court agreed. The court did not impose a term of supervised release or a fine.

Hernandez filed a notice of appeal, but counsel has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). The defendant was removed to Mexico after sentencing, but he has told counsel by telephone that he wants to pursue the appeal. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). We sent notice of the *Anders* submission to the address Hernandez gave his lawyer; Hernandez has not responded. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel does not say if he consulted Hernandez about his interest in challenging his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). Hernandez did not move to withdraw that plea in the district court, and thus we would review any appellate claim for plain error. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Kilcrease*, 655 F.3d 924, 927 (7th Cir. 2012). Counsel concludes that a challenge to the guilty plea would be frivolous because, he says, the district judge fully complied with Federal Rule of Criminal Procedure 11. But we note three problems with the plea, two minor and one serious.

The minor omissions require little discussion: Although the district court did not tell Hernandez explicitly that he could persist with his plea of not guilty and testify at trial, *see* FED. R. CRIM. P. 11(b)(1)(B), (E), we would not find plain error because the judge effectively gave those admonishments by telling Hernandez about his rights to a jury trial and to present witnesses at that trial. *See United States v. Sura*, 511 F.3d 651, 659 (7th Cir. 2007; *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003).

More problematic, though, is counsel's acknowledgment in his *Anders* submission that Hernandez and the government reached a plea agreement. That disclosure is an

admission that counsel and the prosecutor stood by silently while Hernandez denied the existence of the plea agreement when questioned by the district court. (Neither did the lawyers later correct the presentence report, which states that there was no plea agreement.) Concealing a plea agreement violates Federal Rule of Criminal Procedure 11(c)(2) and prevents the district court from exercising its right to review and, if appropriate, reject the plea agreement. *See Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Martin*, 287 F.3d 609, 621 (7th Cir. 2002); *see also* U.S. Attorneys Manual § 9-27.450 (requiring that prosecutors reduce to writing and file with district court all plea agreements in felony cases). If counsel's disclosure is accurate, then the behavior of both lawyers was inappropriate. *See United States v. DeMichael*, 692 F.2d 1059, 1062 (7th Cir. 1982); *United States v. Hernandez*, 79 F.3d 1193, 1194–95 (D.C. Cir. 1996). Still, it would be frivolous for Hernandez to contend that concealment of the plea agreement vitiates his guilty plea because there is no suggestion that the government broke the agreement, *see Puckett v. United States*, 556 U.S. 129, 137 (2009), or that nondisclosure affected the outcome of the plea colloquy, *id.* at 135.

The other potential argument discussed by counsel is whether Hernandez could challenge the reasonableness of his prison sentence. That question is moot because Hernandez has fully served his prison term and is not subject to supervised release. *See United States v. Garcia-Garcia*, 633 F.3d 608, 612 (7th Cir. 2011); *United States v. LaShay*, 417 F.3d 715, 716 n.1 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.