**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 5, 2013
Decided April 9, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3690

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-CR-106-BBC-01 |
| SANTIAGO GUATEMALA-PACHECO, *Defendant-Appellee*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Santiago Guatemala-Pacheco, a Mexican citizen, has been removed from the United States five times. In July 2012 immigration authorities found him in the country yet again, and he was charged with violating 8 U.S.C. § 1326(a). He pleaded guilty and was sentenced to 15 months' imprisonment. He filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Guatemala-Pacheco has not responded to counsel's submission. See CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first explains that she telephoned Guatemala-Pacheco's prison in Mississippi but was unable to speak with him to confirm her understanding that he wants only to challenge his sentence, not his guilty plea. See *United States v. Konczak*, 683 F.3d 348, 349–50 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). And though a prison employee confirmed delivery of her message asking the defendant to call, she has not heard from him. Guatemala-Pacheco's silence, including the lack of opposition to counsel's *Anders* brief, suggests that she is correct that the defendant is satisfied with his guilty plea. In any event, an appellate claim about the plea colloquy or the voluntariness of Guatemala-Pacheco's guilty plea would be frivolous. He did not move in the district court to withdraw his plea, so our review would be limited to a search for plain error. See *United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Kilcrease*, 665 F.3d 924, 927 (7th Cir. 2012). The defendant could not satisfy that stringent standard because, as evidenced by the transcript of the plea colloquy, the district court substantially complied with Federal Rule of Criminal Procedure 11 in assuring that Guatemala-Pacheco understood the charge, the penalties he faced, and the rights he was waiving by pleading guilty. See *Konczak*, 683 F.3d at 349–50; *United States v. Shuh*, 289 F.3d 968, 974 (7th Cir. 2002).

Counsel also discusses whether Guatemala-Pacheco could raise a nonfrivolous challenge to his prison sentence and concludes that he could not. The defendant's sentence of 15 months is at the bottom of the guidelines range of 15 to 21 months' imprisonment resulting from his Category II criminal history and total offense level of 13 (a base offense level of 8, see U.S.S.G. § 2L1.2(a), plus another 8 levels because he was removed after a conviction for a felony drug trafficking offense, see *id.* § 2L1.2(b)(1)(B), less 3 levels for acceptance of responsibility, see *id.* § 3E1.1). This range, we agree with counsel, is correctly calculated, entitling Guatemala-Pacheco's within-guidelines sentence to a presumption of reasonableness. See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011). And Guatemala-Pacheco cannot rebut this presumption because the district court also properly applied the sentencing factors of 18 U.S.C. § 3553(a), taking into account his upbringing, family responsibilities, lack of substance abuse, confinement to a wheelchair, and multiple removals from the United States before his most recent arrest.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.