NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013
Decided November 15, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1905

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:11CR00025-002 |
| JESUS SOTO-OZUNA, | |
| *Defendant-Appellant.* | Tanya Walton Pratt, *Judge*. |

**O R D E R**

Jesus Soto-Ozuna pleaded guilty to conspiracy to distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), and he received a below-guidelines sentence of 235 months' imprisonment. He filed a notice of appeal even though he had waived his right to appeal as part of his plea agreement, and his appointed counsel now seeks to withdraw on the ground that all potential appellate claims are frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Soto-Ozuna did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential

issues discussed in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel was unable to determine whether Soto-Ozuna stands by his guilty plea, and so the lawyer first considers a potential challenge to the plea's validity. We agree with counsel that such a challenge would be frivolous. During the plea colloquy, the district court advised Soto-Ozuna of his constitutional rights, the charge against him, and the minimum and maximum penalties, and the court found that the plea was voluntary and had a factual basis. *See* FED. R. CRIM. P. 11(b); *United States v. Garcia*, 35 F.3d 1125, 1132 (7th Cir. 1994). Counsel points out that Soto-Ozuna was not told during the colloquy that the court was obligated to apply the sentencing guidelines and to consider the guidelines range along with other applicable factors. *See* FED. R. CRIM. P. 11(b)(1)(M). But counsel appropriately rejects challenging the plea on this basis because Soto-Ozuna's amended plea agreement supplied the omitted admonishment. That plea agreement, which provided for a prison sentence within a specified range, was binding on the district court if accepted by the judge. *See* Fed. R. Crim. P. 11(c)(1)(C). The court advised Soto-Ozuna that it must accept or reject his plea agreement, and later the court sentenced Soto-Ozuna to the prison term recommended in his plea agreement despite calculating a higher guidelines range. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).

It follows, counsel says, that Soto-Ozuna's appeal waiver makes his appeal frivolous. We agree. Because an appeal waiver stands or falls with the guilty plea, *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012), we must enforce Soto-Ozuna's appeal waiver. Moreover, his appeal would be frivolous even without the appeal waiver; he bargained for a specific sentence under Rule 11(c)(1)(C) and cannot appeal that sentence unless it exceeds what he bargained for or was imposed in violation of law. 18 U.S.C. § 3742(a)(1), (c)(1); *United States v. Cieslowski*, 410 F.3d 353, 363–64 (7th Cir. 2005). The term of 235 months' imprisonment is below the statutory maximum, 21 U.S.C. § 841(b)(1)(A), and is the term Soto-Ozuna agreed to accept.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.