NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2014
Decided February 6, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2948

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 11-cr-40108-003 |
| TIFFNEY MICHAEL HAMPTON <br> *Defendant-Appellant.* | Michael M. Mihm, <br> *Judge.* |

**O R D E R**

Tiffney Hampton pleaded guilty to conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1). Hampton's plea agreement includes a stipulation that the conspiracy involved at least 50 grams of actual methamphetamine and a waiver of her right to appeal or challenge collaterally her conviction and any sentence within the statutory maximum. In light of the statutory minimum for offenses involving at least 50 grams, *id.* § 841(b)(1)(A)(viii), the district court calculated a guidelines imprisonment range of 120 to 121 months. The government asserted that Hampton had not provided substantial assistance in prosecuting other persons and thus declined to move for a sentence below the statutory minimum. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The district court sentenced Hampton to 120 months. She filed a notice of appeal, but her appointed attorney asserts that the appeal is frivolous and seeks to withdraw under

*Anders v. California*, 386 U.S. 738 (1967). Hampton opposes her counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Hampton's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first assesses whether Hampton could challenge the voluntariness of her guilty plea but neglects to say whether he discussed this possibility with Hampton. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002) (stating that lawyer should not discuss potential challenge to guilty plea in *Anders* submission without knowing that defendant wants plea set aside). Hampton is silent about the plea in her Circuit Rule 51(b) response. Counsel's omission does not require that we deny the *Anders* motion, though, because the lawyer's discussion and our review of the record convince us that a challenge to the voluntariness of Hampton's plea would be frivolous. *See Konczak*, 683 F.3d at 349. During the plea colloquy the district court substantially complied with Federal Rule of Criminal Procedure 11. The judge identified the elements of the charged offense, and Hampton said unequivocally that she understood those elements. *See* FED. R. CRIM. P. 11(b)(1)(G). The government proffered a factual basis for the conspiracy, which Hampton acknowledged as correct, including the drug quantity. *See* FED. R. CRIM. P. 11(b)(3). Hampton said she understood the statutory minimum and maximum penalties. *See* FED. R. CRIM. P. 11(b)(1)(H), (I). She also expressed her understanding of the consequences of her appeal waiver and of the rights she would lose by pleading guilty, including her right to a jury trial with the assistance of counsel. *See* FED. R. CRIM. P. 11(b)(1)(B), (C), (F), (N). A challenge to the voluntariness of her plea therefore would be frivolous.

We also agree with counsel that Hampton could not challenge her sentence. Although Hampton points out that the district judge expressed his displeasure about applying the statutory minimum, her appeal waiver forecloses any claim of error, including the suggestion in her Rule 51(b) response that her lack of cooperation was not her fault. An appeal waiver stands or falls with the guilty plea. *United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012); *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008). We would be constrained, therefore, to enforce Hampton's appeal waiver.

Accordingly, counsel's motion is GRANTED, and the appeal is DISMISSED.