NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014
Decided February 13, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3325

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 3:13CR00058-001 |
| BENJAMIN R. MINOR,<br>    *Defendant-Appellant.* | Barbara B. Crabb,<br>*Judge.* |

**O R D E R**

Benjamin Minor, who is 38, used the Internet to engage in sexually explicit chats with 13-year-old girls in Vermont and Florida. He sent an image of his penis to one of those girls and also to a Wisconsin police officer posing as a 14-year-old girl. Police then searched his home and found on a computer 100 pornographic images of children. Further investigation showed that Minor had received a few of the images from other underage girls and forwarded several to both children and adults. He was charged with attempting to transfer obscene material to a child under the age of 16, 18 U.S.C. § 1470, and distributing, receiving, and possessing child pornography, *id.* § 2252(a)(2), (a)(4)(B). As part of a plea agreement, he pleaded guilty to distributing child pornography, and the government dismissed the remaining charges. The district court calculated a

guidelines imprisonment range of 151 to 188 months and sentenced him to 108 months. Minor filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Minor did not accept our invitation to reply to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first explains that because of Minor's frequent prison transfers she has been unable to speak with him to confirm her understanding that he wants only to challenge his sentence, not his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349–50 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). As counsel notes, Minor did not move in the district court to withdraw his plea, so our review would be limited to a search for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Kilcrease*, 665 F.3d 924, 927 (7th Cir. 2012). The defendant could not satisfy that stringent standard. As evidenced by the transcript of the plea colloquy, the district court substantially complied with Federal Rule of Criminal Procedure 11 in assuring that Minor understood the charge, the penalties he faced, and the rights he was waiving by pleading guilty. *See Konczak*, 683 F.3d at 349–50; *Schuh*, 289 F.3d at 974.

Next counsel reports that she evaluated the district court's application of the sentencing guidelines but did not find even a potential error. (The offense level reflects a base of 22, *see* U.S.S.G. § 2G2.2(a)(2), plus 2 levels for possessing images of children under age 12, *see id.* § 2G2.2(b)(2), 5 levels for distributing the images to minors, *see id.* § 2G2.2(b)(3)(C), 4 levels for images depicting sadism and violence, *see id.* § 2G2.2(b)(4), 2 levels for using a computer, *see id.* § 2G2.2(b)(6), 2 levels because Minor possessed over 10 images, *see id.* § 2G2.2(b)(7)(A), less 3 levels for acceptance of responsibility, *see id.* § 3E1.1.) After correctly calculating the imprisonment range, the district court, guided by U.S.S.G. § 5K2.0(b)(2), concluded that the 2-level adjustment for using a computer was overkill (computers being a ubiquitous feature of child-pornography offenses, *see* UNITED STATES SENTENCING COMMISSION, *Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2012*, at 41 (computer used in 96.4% of child-porn cases), *available at* http://www.ussc.gov/Data_and_Statistics/index.cfm (select "Guideline Application Frequencies"); *United States v. Tutty*, 612 F.3d 128, 131–32 (2d Cir. 2010)). Without that 2-level increase, Minor's imprisonment range still would have been 121 to 151 months, but the court went even lower and decided that 108 months was sufficient.

That below-guidelines sentence would be entitled to a presumption of reasonableness in an appeal by the defendant, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008), and counsel concludes that Minor would not be able to rebut that presumption because the district court adequately applied the sentencing factors from 18 U.S.C. § 3553(a). As the sentencing transcript reflects, the court weighed Minor's serious mental health issues (including his multiple suicide attempts) against the danger to the community shown by his repeated online solicitation of 13- and 14-year-old girls. We agree with counsel that any appellate challenge to Minor's sentence would be frivolous under these circumstances.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.