**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2014
Decided April 23, 2014
Amended June 5, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3792

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 11-30028-001 |
| WALTER HOLMICH, <br> *Defendant-Appellant*. | Sue E. Myerscough, <br> *Judge.* |

**AMENDED ORDER**

Between 2006 and 2011 Walter Holmich managed several businesses that, without any intention ever to pay their subcontractors, procured government contracts. He pleaded guilty to four counts of wire fraud and was sentenced within the guidelines range to 130 months' imprisonment; he was also ordered to pay restitution of almost $800,000. Holmich filed a notice of appeal, but his appointed counsel asserts that any appeal would be frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Holmich opposes counsel's motion. See CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the

analysis appears to be thorough, we limit our review to the points counsel has identified and Holmich has raised. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first informs us that Holmich wishes to challenge the validity of his guilty pleas. Because Holmich did not seek to withdraw his guilty pleas in the district court, our review would be for plain error. See *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013); *United States v. Kilcrease*, 665 F.3d 924, 927 (7th Cir. 2012). According to counsel, the district court neglected to inform Holmich that a special assessment would be ordered, FED. R. CIV. P. 11(b)(1)(L), and that his statements under oath could be used against him in a prosecution for perjury, *id.* (b)(1)(A). We need not address whether these supposed shortcomings occurred because we agree with counsel that neither one would qualify as plain error. Any omission regarding a special assessment would be immaterial because the government, at the court's prompting, set forth the penalty structure for each offense, including the $100 mandatory special assessment, and defense counsel represented in open court that he understood and agreed with the government's representation. See *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001) (court's omissions not plain error when record demonstrated defendant "knew most if not all of what the district judge forgot to mention"). And any omitted warning to Holmich that false statements under oath might subject him to prosecution for perjury would be harmless because Holmich faces no current or prospective prosecution for perjury. See *United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003).

Holmich asserts in his Rule 51(b) response that his pleas were not knowing because he did not understand how his guidelines range would be calculated. Federal Rule of Criminal Procedure 11, however, requires only that district courts inform defendants that the guidelines apply but are merely advisory, FED. R. CIV. P. 11(b)(1)(M); it does not require district courts to discuss how the guidelines will apply in the defendant's specific case. See, *e.g.*, *United States v. Villareal-Tamayo*, 467 F.3d 630, 633 (7th Cir. 2006); *United States v. Parker*, 368 F.3d 963, 967–68 (7th Cir. 2004). A defendant's mistake about his potential sentence does not undermine an otherwise knowing guilty plea. See *United States v. Redmond*, 667 F.3d 863, 872–73 (7th Cir. 2012); *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008).

Counsel next considers whether Holmich could argue that the district court erred by adopting the probation officer's finding that the total loss for guidelines purposes was approximately $4.5 million. At sentencing Holmich raised two objections to this figure. First, he asserted that a particular fraudulent contract should not be considered because he was not involved in that transaction and so it was not relevant conduct. Second, he argued that the probation officer's method for calculating loss overstated the loss actually incurred

by the victims. Specifically, Holmich argued that certain loss calculations should have taken into account the 15% markup he allegedly charged the government over the price charged by the subcontractor. But Holmich did not submit any evidence calling into question the accuracy of the facts set forth in the PSR, and so the district court was entitled to rely on the probation officer's loss calculation. See *United States v. Love*, 680 F.3d 994, 999 (7th Cir. 2012); *United States v. O'Doherty*, 643 F.3d 209, 219 (7th Cir. 2011). Moreover, Holmich's objections would not have changed the guidelines calculation because, if accepted, they would have reduced the total loss only to approximately $4 million. Because the guidelines apply an 18-level increase in total offense level if the defendant's crime results in a loss between $2.5 million and $7 million, U.S.S.G. § 2B1.1(b)(1) (2011), the same 18-level increase would apply.

Holmich, citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013), argues that, for guidelines purposes, the amount of loss for which he can be held responsible is the amount listed in the indictment, because that is the amount to which he pleaded guilty. But *Alleyne* holds only that facts that increase the minimum authorized *statutory* punishment must be admitted or proven beyond a reasonable doubt. *Id.* at 2155, 2161. It does not affect factfinding for guidelines calculations, see *United States v. Hernandez*, 731 F.3d 666, 672 (7th Cir. 2013); *United States v. Claybrooks*, 729 F.3d 699, 708 (7th Cir. 2013).

Holmich relatedly argues that the restitution order must be adjusted to reflect only those losses specified in the indictment because, he insists, *Alleyne* requires that restitution amounts be charged in the indictment and proven beyond a reasonable doubt. But we repeatedly have said that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny (including *Alleyne*), do not apply to the calculation of restitution. See *United States v. Wolfe*, 701 F.3d 1206, 1216–17 (7th Cir. 2012) (rejecting argument that *Southern Union Co. v. United States*, 132 S. Ct. 2344 (2012), extends the holding of *Apprendi* to restitution); *United States v. Bonner*, 522 F.3d 804, 806–07 (7th Cir. 2008).[1] We recognized in *Wolfe* that the circuits are

---

[1] We do find errors in the restitution order, but they are harmless. First, the restitution order includes some improper compensation: $17,730.78 of the restitution would compensate victims for fees and costs associated with obtaining default judgments against Holmich-run companies, but fees or costs should not be included in restitution orders. See *United States v. Scott*, 405 F.3d 615, 620 (7th Cir. 2005); *United States v. Seward*, 272 F.3d 831, 839 (7th Cir. 2001). Second, a typographical error affects one other award: The district court ordered restitution of $28,413 paid to United Plastics Fabricating, Inc., but the PSR elsewhere reports that the company lost $28,143 as a result of its contract with Holmich.

split over whether restitution is a civil or criminal penalty (and thus whether *Apprendi* applies to restitution orders), but the question is settled in this circuit, see 701 F.3d at 1217(recognizing circuit split and reaffirming our position). The argument has no possibility of succeeding here. Holmich is free, if he wishes, to seek review of this question in the Supreme Court.

Counsel next considers whether Holmich could challenge the reasonableness of his sentence, and particularly the district court's failure to comment on his mitigating argument that an associate was the true mastermind behind the fraudulent scheme. But counsel correctly concludes that any such challenge would be doomed. In discussing the sentencing factors enumerated in 18 U.S.C. § 3553(a), the district court emphasized the seriousness of Holmich's offense, *id.* § 3553(a)(2)(A), in particular the many veterans he harmed (two of whom testified at the sentencing hearing) and the effect his conduct had on small businesses with whom he contracted. The court also noted Holmich's history and characteristics, *id.* § 3553(a)(1), specifically his cooperation with the prosecution and the absence of any criminal history. Holmich's argument about his culpability relative to his associate was undeveloped; he never submitted a sentencing memorandum, and his counsel's few comments at the hearing failed to specify how Holmich was less culpable or why any lesser culpability merited a more lenient sentence. The court thoroughly explained the sentence and meaningfully considered the § 3553(a) factors, and so the sentence is procedurally reasonable even though the court passed over Holmich's undeveloped mitigating argument. See *United States v. Vaughn*, 722 F.3d 918, 936–37 (7th Cir. 2013); *United States v. Paige*, 611 F.3d 397, 398 (7th Cir. 2010). For the same reason, we agree with counsel that Holmich cannot point to anything in the record to rebut the presumption of reasonableness we afford within-guidelines sentences. See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 721 F.3d 904, 906 (7th Cir. 2013).

---

Given these inconsistent figures, we cannot say that the government proved the larger amount by a preponderance of the evidence, as required by 18 U.S.C. § 3664(e). But the district court also had before it evidence of $400,000 of compensable losses that it did not include in its restitution order. Thus, any error made in the restitution order ultimately benefited Holmich. See *Greenlaw v. United States*, 554 U.S. 237, 247–48 (2008) (plain-error doctrine should not be used to detriment of appealing party); *In re Amy Unknown*, 701 F.3d 749, 774 (5th Cir. 2012) (en banc) (applying *Greenlaw* to affirm underinclusive restitution order), *cert. granted on unrelated question*, 133 S. Ct. 2886 (2013).

Finally, Holmich, citing *Santobello v. New York*, 404 U.S. 257 (1971), asserts that the government reneged on unspecified promises it made him in order to induce him to plead guilty. But Holmich produces no evidence of any promises, and we find none in the record.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.