NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 17, 2014
Decided July 17, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3127

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff–Appellee*, <br><br> *v.* <br><br> DAVID LEE HARDIN, JR., <br> *Defendant–Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> No. 2:13cr6-002 <br><br> Rudy Lozano, <br> *Judge.* |

**O R D E R**

David Hardin, Jr., and an accomplice were arrested after robbing a bank in Hammond, Indiana. Hardin pleaded guilty to armed bank robbery, *see* 18 U.S.C. § 2113(a), and using a firearm in furtherance of that crime, *see id.* § 924(c), and was sentenced to 235 months' imprisonment. Hardin's plea agreement contains a provision waiving his right "to appeal or to contest my conviction and my sentence … or the manner in which my conviction or my sentence … was determined or imposed." Hardin filed a notice of appeal anyway, but his appointed attorney asserts that any argument would be frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Hardin

has responded to counsel's motion. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our review to the subjects discussed in counsel's brief and Hardin's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel alerts us that Hardin may wish to challenge the voluntariness of his guilty pleas and properly concludes that such a challenge would be frivolous. Hardin did not move to withdraw his guilty pleas in the district court, so we would review the plea colloquy for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). During the plea colloquy, the district court substantially complied with Federal Rule of Criminal Procedure 11. The judge ensured that Hardin understood the charges against him, the penalties he faced, FED. R. CRIM. P. 11(b)(1)(G)-(K), (M), the various trial and appellate rights he was waiving by pleading guilty, *id.* at 11(b)(1)(B)-(F), and the consequences of his appeal waiver, *id.* at 11(b)(1)(N). The government proffered a factual basis for the crimes, which Hardin acknowledged was correct. *See id.* at 11(b)(3). We agree with counsel that a challenge to the voluntariness of Hardin's pleas would be frivolous.

Counsel and Hardin both consider whether he could challenge the district court's imposition of a 2-level increase in his offense level for physically restraining another person to facilitate commission of the offense. *See* U.S.S.G. § 2B3.1(b)(4)(B). But as counsel properly explains, any such challenge would be precluded by the broad appeal waiver in his plea agreement. *See United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008). Because Hardin entered his guilty plea voluntarily, he is bound by his appeal waiver. *See United States v. Kilcrease*, 665 F.3d 924, 927, 929 (7th Cir. 2012); *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.