NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019
Decided January 18, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-3003

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-cr-40049-001 |
| TODD B. RAUFEISEN, *Defendant-Appellant*. | Sara Darrow, *Judge*. |

**O R D E R**

Todd Raufeisen ran a Ponzi scheme that defrauded at least 22 investors, many of them close friends or family members, of over $1.7 million. He pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C. § 1957. His plea agreement included a waiver of his right to appeal "any and all issues relating" to his conviction and sentence. The district court sentenced Raufeisen to an above-guideline term of 72 months in prison and three years of supervised release. Raufeisen filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Raufeisen to respond to counsel's motion, but he has not replied. See Cir. R. 51(b). Counsel's supporting brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve, and because the analysis

appears to be thorough, we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether it would be frivolous to challenge the validity of the guilty plea, although he also represents that Raufeisen does not wish to do so. An attorney need not discuss the voluntariness of the guilty plea in an *Anders* submission if he learns, after both consulting with his client and "provid[ing] advice about the risks and benefits" that his client does not want to challenge it. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); see *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). We cannot discern whether counsel had this conversation, but in any event, counsel rightly concludes that it would be frivolous to argue that Raufeisen's plea was not knowing and voluntary.

Because Raufeisen did not move in the district court to withdraw his guilty plea, we would review the plea colloquy for plain error. See *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Raufeisen would have to show that a plain error affected his substantial rights. *Id.* Here, however, we discern only one potential oversight in the Rule 11 colloquy. See Fed. R. Crim. P. 11(b). The judge did not mention that, to craft an appropriate sentence, she would consult not only the sentencing guidelines but also the factors in 18 U.S.C. § 3553(a). Fed. R. Crim. P. 11(b)(1)(M). But this omission did not prejudice Raufeisen because the omitted information was in his plea agreement. Raufeisen testified that he reviewed the agreement with counsel and understood it. See *United States v. Adams*, 746 F.3d 734, 746–47 (7th Cir. 2014).

Counsel next considers whether the appellate waiver in Raufeisen's plea agreement bars any challenge to his sentence and rightly concludes that it does. An appellate waiver stands or falls with the underlying guilty plea. See *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Kilcrease,* 665 F.3d 924, 929 (7th Cir. 2012). As noted, Raufeisen knowingly and voluntarily entered his plea. His waiver must be enforced unless some exception applies, and counsel has identified none. Indeed, no component of Raufeisen's sentence exceeds a statutory maximum, see 18 U.S.C. § 1591(b)(2), and the judge did not rely on any unconstitutional factor when imposing sentence. See *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014). The enforceable waiver of "any and all issues" relating to the sentence applies to any procedural or substantive sentencing argument that Raufeisen could raise. See *United States v. Perillo*, 897 F.3d 878, 882 (7th Cir. 2018); *United States v. Linder*, 530 F.3d 556, 561–65 (7th Cir. 2008).

Finally, counsel tells us that Raufeisen believes that his counsel in the district court failed to explain adequately the waiver provisions in the plea agreement and ponders whether Raufeisen could challenge counsel's effectiveness. But claims of ineffective assistance are best reserved for a collateral proceeding where Raufeisen can develop an evidentiary foundation to support his claim. See *Massaro v. United States*, 538 U.S. 500, 505–06 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.