In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2912

FRED E. DOWELL,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 09 CV 00063—**Richard L. Young**, *Chief Judge.*

ARGUED OCTOBER 31, 2011—DECIDED SEPTEMBER 17, 2012

Before KANNE and WILLIAMS, *Circuit Judges*, and
DEGUILIO, *District Judge.**

WILLIAMS, *Circuit Judge*. Fred Dowell signed a plea
agreement that specifically reserved his right to appeal
"career offender" designation if the district court found
him to be one at sentencing. After the court made this

---

* Of the United States District Court for the Northern District
of Indiana, sitting by designation.

designation, Dowell claims that he then directed his attorney to file a notice of appeal to contest whether he was a career offender. However, his counsel did not file the notice of appeal. So Dowell filed a 28 U.S.C. § 2255 motion asserting that his counsel's failure to file the directed appeal constituted ineffective assistance of counsel. The government opposed the motion, arguing that Dowell's agreement in his plea not to challenge his sentence on collateral attack precluded relief. We agree with Dowell that if he told his attorney to appeal the issue specifically reserved in his plea for appeal and counsel did not do so, he received ineffective assistance of counsel which can be corrected in a § 2255 proceeding. We remand to the district court to make a determination as to whether Dowell told his attorney to file the appeal.

## I. BACKGROUND

The federal government charged Fred Dowell with possessing with the intent to distribute 50 grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and later filed an information pursuant to 21 U.S.C. § 851 alleging that Dowell had previously been convicted of a felony drug offense. Dowell decided to plead guilty, and in return the government agreed to withdraw the section 851 information. Without that withdrawal, Dowell would have faced a mandatory minimum sentence of twenty years' imprisonment.

The parties prepared and signed a written plea agreement. In addition to memorializing the government's

withdrawal of the 21 U.S.C. § 851 information, the agreement also provided, among other things, that the base offense level for Dowell's crime was 32. But, the agreement said, if the court determined Dowell to be a career offender under section 4B1.1 of the United States Sentencing Guidelines, the offense level would be 37. The agreement also specified a three-level reduction for acceptance of responsibility if Dowell continued to cooperate with the government.

Dowell did not agree that he was a career offender, and the plea agreement specifically reserved his ability to appeal a determination that he had career offender status. He waived the right to appeal his conviction and sentence on any other ground. The plea agreement's exact language provided:

> In the event the Court adopts the Sentencing Guidelines Stipulations set forth herein and sentences Dowell to a term of imprisonment with the guidelines range determined in accordance therewith, or lower, regardless of how the sentence is calculated by the Court, Dowell expressly waives his right to appeal the conviction and sentence imposed in this case on any grounds . . . with the exception of the "career offender" status issue.

Like many plea agreements, this one also contained a provision noting Dowell's agreement not to contest his conviction or sentence in a collateral attack. The agreement stated:

> Additionally, Dowell expressly agrees not to contest, or seek to modify, his conviction or sentence or the

manner in which it was determined in any collateral attack, including, but not limited to, any action brought under Title 28, United States Code, Section 2255.

At the sentencing hearing, Dowell's counsel argued that Dowell was not a career offender because his two prior convictions were relevant conduct to the instant offense. The district court disagreed, although it commented, "Be an interesting bar [exam] question, wouldn't it?" The district court concluded that Dowell had two prior qualifying felony drug convictions that made him a career offender under U.S.S.G. § 4B1.1. The resulting guidelines range was 262-327 months' imprisonment. After considering the factors in 18 U.S.C. § 3553(a) and noting that some of Dowell's offenses occurred before he turned eighteen, as well as the fact that the government had agreed to drop the section 851 information, the court imposed a sentence of 180 months' imprisonment.

The district court entered judgment on June 12, 2008. A notice of appeal was not filed within the ten days that followed, which was required for timely filing. *See* Fed. R. App. P. 4(b)(1)(A) (2008). (A 2009 amendment to Federal Rule of Appellate Procedure 4 changed the time to file a notice of appeal in a criminal case to fourteen days.) On November 11, 2008, Dowell sent a letter to the district court asking that it allow the letter to serve as notice to request an appeal. The letter stated that Dowell had previously instructed his attorney to request an appeal, but that he had only

recently learned that the attorney had failed to act on his request. Dowell later requested an enlargement of time to file a notice of appeal on the basis that he had been in transit in the weeks following judgment, was unable to reach his attorney, and was not aware that the notice of appeal had not been filed. He also asked that the court appoint counsel to represent him going forward. Before the district court ruled on those motions, Dowell's counsel filed a motion with this court to withdraw as counsel, asserting a conflict of interest, and the motion was granted. The district court later denied Dowell's other motions; pursuant to Federal Rule of Appellate Procedure 4(a)(b)(4), the request for enlargement of time had come too late. We dismissed the appeal for lack of jurisdiction. *United States v. Dowell*, No. 08-3920 (Order Jan. 27, 2009) (unpublished).

On May 5, 2009, Dowell filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255, asserting in it that his defense counsel failed to file a timely notice of appeal after Dowell had requested that he do so. He also submitted a sworn statement stating that he instructed his trial attorney to appeal the career offender finding and that counsel failed to do so. The district court agreed with the government that the waiver provisions in the plea agreement precluded any relief. Dowell, now represented by appointed counsel, appeals.

## II. ANALYSIS

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of

counsel. The Supreme Court has stated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). And "[w]hen counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have merit." *Peguero v. United States,* 526 U.S. 23, 28 (1999). In other words, "[w]hen a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel." *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010).

Dowell maintains that he received constitutionally ineffective assistance of counsel because his counsel did not follow his directive to file a notice of appeal of an issue specifically reserved for appeal in the plea agreement. The government, however, maintains that Dowell's agreement in his plea not to contest his sentence in a collateral attack precludes any relief here. It argues that the plea agreement only reserved the right to appeal the career offender determination in a direct appeal. Because the § 2255 proceeding is a collateral attack, not a direct appeal, the government says Dowell waived the ability to get any relief here. We review de novo the enforceability of a plea agreement's waiver of direct or collateral review. *See United States v. Quintero*, 618 F.3d 746, 750 (7th Cir. 2010).

A defendant may certainly waive the right to appeal his conviction and sentence, as well as the ability to challenge either in a collateral attack. *United States v.*

*Alcala*, 678 F.3d 574, 577 (7th Cir. 2012); *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). We have repeatedly held "that a voluntary and knowing waiver of an appeal is valid and must be enforced." *See, e.g., United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011). There are only limited instances when we will not enforce a knowing and voluntary waiver of direct appeal or collateral review, including when the sentence exceeds the statutory maximum, when the plea or court relies on a constitutionally impermissible factor like race, or when counsel is ineffective in the negotiation of the plea agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Dowell signed the agreement voluntarily, and none of the other aforementioned circumstances are present, so the government contends we must enforce the collateral attack waiver.

But for a waiver to apply, the disputed appeal or collateral attack must fall within the waiver's scope. *Id*. A plea agreement is a contract. *Quintero*, 618 F.3d at 751. As with any contract, "[w]e interpret the terms of the agreement according to the parties' reasonable expectations" and construe any ambiguities in the light most favorable to Dowell. *Id.* (citations omitted).

The parties' reasonable expectations could not have extended as far as the government presses here. The plea agreement specifically reserves the right to appeal the career offender determination. The specific reservation of that right necessarily includes a meaningful opportunity to exercise it. *See United States v. Barnett*, 415 F.3d 690, 692 (7th Cir. 2005) (stating that as contracts, plea

bargains contain implicit as well as explicit terms, especially those implicit terms needed to avoid absurdities). A meaningful opportunity to appeal includes the effective assistance of counsel in filing the appeal. When counsel does not provide effective assistance by failing to file a notice of appeal of an issue specifically reserved for appeal in the plea, a petitioner must be able to use a collateral attack to save the appeal from being lost due to counsel's failure to do what he was requested.

The fact that Dowell specifically reserved the right to appeal the career offender determination distinguishes this case from our decision in *Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008). There we considered a § 2255 ineffective assistance of counsel claim asserting that an attorney had not followed his client's request to file a notice of direct appeal. The plea agreement waived the right to appeal and to pursue collateral attack, and the only exceptions were to contest the voluntariness of the plea and to challenge a sentence above the statutory maximum. The plea there was voluntary and the sentence well below the maximum allowed by statute. We said in those circumstances that "[a] lawyer who respects his client's formal waiver of appeal does not render objectively deficient service" by failing to file a notice of appeal. *See id.* at 453. (That position put us at odds with other circuits who have held that the lawyer must always file a notice of appeal upon request. *See id.* at 453-54 (collecting cases)). But, speaking to circumstances like ours, we said:

> One important caveat bears attention. Our analysis
> supposes the defendant really has waived his en-

titlement to direct appeal. If it turns out that the waiver does not cover an issue that the defendant told counsel he wanted to present on direct appeal, then counsel's failure to file a notice of appeal is within the scope of *Roe* and will lead to collateral relief without regard to prejudice. Our conclusion that *Strickland* applies is limited to situations in which the waiver actually governs the proposed appeal.

*Id.* at 456.

That important caveat describes our case. Dowell's waiver did not waive his ability to appeal the issue that he told counsel he wanted to present on direct appeal; rather, the plea specifically reserved it. Therefore, counsel's failure to file a notice of appeal means collateral relief without inquiring into prejudice.

The government seems to acknowledge that the prejudice inquiry does not matter here, as it says that Dowell's sworn statement, "if truthful, would have required the filing of an appeal, no matter how futile, on Dowell's behalf." That statement is correct. *See Roe*, 528 U.S. at 476-77. But several of the arguments the government makes sound of prejudice. The government argues that we should deny Dowell relief because his sentence is "reasonable," but that is an inquiry into the merits of an appeal. We also note that while it is true that the district court imposed a below-guidelines sentence, it might have imposed an even lower one if Dowell were not a career offender. Without career offender

status, Dowell's criminal history category would have been no higher than III. The resulting guidelines range would have been 108-135 months, far less than the 180-month sentence he received. Similarly, the government's position that we should rule in its favor on the basis that there was no error in the career offender determination incorrectly assumes that we should inquire into the merits of the appeal at this stage. The Supreme Court has made clear that we should not. *See Peguero*, 526 U.S. at 28-29.

So if Dowell instructed his trial attorney to file a notice of appeal so that he could appeal the career offender determination and counsel failed to do so, Dowell received ineffective assistance of counsel. Before Dowell can be afforded any relief, however, that "if" must be resolved in his favor. The government's final argument is that we should rule against Dowell on the basis that Dowell did not in fact make this request to his attorney. But because the district court decided this case on the basis of waiver, no determination has yet been made on this question of fact. We are not the proper court to do so.

Dowell submitted a sworn statement saying that he requested that his attorney appeal the career offender determination and that counsel failed to do so, and this statement clearly alleged a constitutional violation. He had personal knowledge of that allegation, and there is nothing "palpably incredible" about it. *See Ryan v. United States*, 657 F.3d 604, 606 (7th Cir. 2011). The request was consistent with Dowell's insistence on the

carve-out for such an appeal in his plea agreement. It also makes sense that Dowell would have wanted to appeal the career offender finding in light of the much lower guidelines range that would have resulted. Dowell's allegations are therefore sufficient to warrant further proceedings. *See id.* at 607.

They are not, however, conclusive. As the government highlights, Dowell's former trial counsel stated in his motion to withdraw that Dowell had filed "a letter with the District Court which was subsequently treated as a Notice of Appeal. In that letter Appellant states that he directed Counsel to file a notice of appeal and that he failed to do so . . . . Counsel states that the statements of Appellant set forth in his letter dated November 11, 2008 or his motion of January 7, 2009, are inaccurate as to alleged conversations with Counsel concerning the notice of appeal." Counsel also stated in his motion to withdraw that "[b]ased on a number of discussions with Appellant following sentencing Counsel for Appellant did not file a Notice of Appeal." In light of the conflicting accounts, whether Dowell asked his counsel to file a notice of appeal is a factual question for the district court to resolve on remand, and we remand for it to do so. *See id.* at 608.

### III. CONCLUSION

The judgment of the district court is VACATED, and this case is REMANDED for further proceedings.