NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2012
Decided November 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-1244

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> DOUGLAS R. DIMOS, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:11-CR-00080(01)RM <br><br> Robert L. Miller, Jr., <br> *Judge.* |

**O R D E R**

Douglas Dimos pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). In his plea agreement he waived the right to appeal his conviction or sentence on any ground. In exchange the government agreed to a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility and recommended a sentence in the middle of the guidelines imprisonment range. The district court imposed 51 months' imprisonment, three years' supervised release, and a $100 special assessment. Dimos filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Dimos has not responded to his lawyer's submission. *See* Cir. R. 51(b).

As counsel acknowledges, Dimos' broad waiver of his right to appeal makes this case frivolous. An appeal waiver stands or falls with the guilty plea. *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009). Dimos has informed counsel that he does not wish to challenge his guilty plea, so counsel's brief properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Moreover, no element of Dimos' sentence exceeds the statutory maximums, *see* 18 U.S.C. § 924(a)(2); 18 U.S.C. § 3013(a)(2)(A), and the court did not rely on any unconstitutionally impermissible factor when it imposed Dimos' sentence. *See Dowell v. United States*, No. 10-2912, 2012 WL 4053798, *3 (7th Cir. Sept. 17, 2012). Thus, his appeal waiver must be enforced.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.