NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013
Decided February 20, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2160

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-102-BBC-02 |
| TYREE A. WALKER, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Tyree Walker cased a Wisconsin credit union and then led police on a high-speed chase through rush-hour traffic after his confederate robbed the institution at gunpoint and jumped into Walker's waiting car. The two men made it ten miles before they were caught. Walker, who was on parole from a state conviction, pleaded guilty to bank robbery. *See* 18 U.S.C. § 2113(a). As a condition of his plea agreement he waived his right to appeal his conviction or a sentence of imprisonment of 151 months or less. In exchange the government agreed to a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of

responsibility and recommended a prison term within the guidelines range. The district court sentenced Walker to 151 months. The court ordered that term to run consecutively to the period of imprisonment later imposed when a state judge revoked Walker's parole.

Walker filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Walker opposes counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate submission and in Walker's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Walker has informed his lawyer that he does not wish to challenge his guilty plea, so counsel's brief properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012)*; United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). It follows, says counsel, that Walker's appeal waiver makes this case frivolous. We agree. An appeal waiver stands or falls with the guilty plea, *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), and Walker's prison sentence satisfies the condition triggering application of the waiver. Moreover, no element of his sentence exceeds a statutory maximum, *see* 18 U.S.C. § 2113(a), and the district court did not rely on any unconstitutional factor when imposing Walker's sentence, *see Dowell v. United States,* 694 F.3d 898, 902 (7th Cir. 2012). Thus, the appeal waiver must be enforced. And that waiver means, despite Walker's contrary argument in his Rule 51(b) response, that Walker cannot challenge the length or consecutive nature of his prison term.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.