NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 22, 2013
Decided March 25, 2013

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3256

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-CR-130-9-JPS |
| JESSIE J. EPPS, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Jessie Epps pleaded guilty to using a telephone to facilitate a heroin trafficking crime. See 21 U.S.C. § 843(b). In his plea agreement Epps waived the right to appeal his sentence. The district court sentenced him to the 48-month statutory maximum. See *id*. § 843(d)(1). Epps filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Epps has not responded to counsel's motion. See CIR. R. 51(b). We confine our review to counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Epps has told counsel not to contest his guilty plea, and so counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the plea. See *United*

*States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel does consider whether Epps could argue that the district court (1) erred in calculating the proper guidelines range or (2) imposed an unreasonable sentence. But Epps's broad waiver of his right to appeal makes this case frivolous. Because an appeal waiver stands or falls with a guilty plea, see *United States v. Kilcrease,* 665 F.3d 924, 929 (7th Cir. 2012); *United States v. Sakellarion,* 649 F.3d 634, 639 (7th Cir. 2011), Epps's appeal waiver must be enforced. Moreover, Epps's 48-month sentence does not exceed the statutory maximum, see 21 U.S.C. § 843(d)(1), and the court did not rely on any constitutionally impermissible factor when it imposed Epps's sentence. See *Dowell v. United States,* 694 F.3d 898, 902 (7th Cir. 2012).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.