NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2013
Decided May 31, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2356

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>RAYMOND A. HOOD,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 08 CR 804-3<br><br>Robert M. Dow, Jr.,<br>*Judge*. |

**O R D E R**

Raymond Hood pleaded guilty to four counts of bank robbery. *See* 18 U.S.C. § 2113(a). In his plea agreement, Hood waived his right to appeal his conviction and sentence. The district court imposed 125 months' imprisonment for each count, to be served concurrently. Hood filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California,* 386 U.S. 738, 744

(1967). Hood has not responded to counsel's motion, *see* CIR. R. 51(b), and we confine our review to the issues identified in counsel's facially adequate brief, *see United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Hood has informed counsel that he does not wish to challenge his guilty pleas, so counsel properly omits from his *Anders* submission any discussion about the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002). It follows, says counsel, that Hood's appeal waiver makes this appeal frivolous. We agree with counsel; because an appeal waiver stands or falls with the guilty plea, *United States v. Sakellarion,* 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Hood's waiver. Moreover, Hood's sentence does not exceed the statutory maximum, *see* 18 U.S.C. §§ 2113(a), 3559(a)(3), 3583(b)(2), and the district court did not rely on any unconstitutionally impermissible factor when it imposed his sentence, *see Dowell v. United States,* 694 F.3d 898, 902 (7th Cir. 2012).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.