NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2013
Decided August 15, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2858

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>DARREN A. DUNHAM,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division.<br><br>No. 2:11cr99-001<br><br>Philip P. Simon,<br>*Chief Judge.* |

**O R D E R**

Darren Dunham falsified income tax returns for customers of his return-preparation business so that they would receive the earned income tax credit. He then kept part of the refund checks as his fee and gave the remainder to his customers. Dunham continued the scheme for more than two years—even after he had pleaded guilty to five counts of aiding the preparation and filing of false returns, 26 U.S.C. § 7206(2). All told he prepared about 200 fraudulent returns and caused nearly $1

million in unrecovered losses to the United States Treasury. The district court calculated a total offense level of 26 and a criminal history category of V, yielding a guidelines imprisonment range of 110 to 137 months. The district court imposed 120 months' imprisonment—24 months on each count, to be served consecutively—and a year of supervised release on each count to be served concurrently.

Despite having waived his right to appeal as part of the plea agreement, Dunham filed a notice of appeal. His newly appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Dunham to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel reports that Dunham would like to challenge the validity of his guilty pleas. The transcript of the plea colloquy confirms that the district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11, including the mandate to discuss the appeal waiver with Dunham and ensure his understanding of its consequences, *see* FED. R. CRIM. P. 11(b)(1)(N). Counsel points out that the court did not warn Dunham that he could be prosecuted if he committed perjury during the hearing, *see id.* 11(b)(1)(A), but the lawyer correctly concludes that this omission was harmless because there is no current or prospective prosecution of Dunham for perjury, *see United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). A challenge to Dunham's guilty pleas thus would be frivolous.

Also frivolous are the potential sentencing issues discussed by counsel. An appellate waiver stands or falls with the guilty plea, *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010), and we will enforce an express and unambiguous waiver that the defendant agreed to knowingly and voluntarily, *United States v. Kilcrease*, 665 F.3d 924, 927 (7th Cir. 2012). There are exceptions to enforcement if a sentence violates a statutory maximum or the district court relied on a constitutionally impermissible factor, *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012), but those circumstances are not present in this case, *see* 18 U.S.C. § 3583(b)(3); 26 U.S.C. § 7206.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.