NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013
Decided December 2, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2001

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 12 CR 50048 |
| CANDIDO GONZALEZ-ALVARON, *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

## O R D E R

Candido Gonzalez, a Mexican citizen, was removed from the United States in 2007 after serving a six-year prison term in Illinois for delivery of cocaine. *See* 720 ILL. COMP. STAT. 570/401. He returned illegally in 2008 but managed to avoid detection until 2012 when he was arrested for driving under the influence. *See* 625 ILL. COMP. STAT. 5/11-501. Gonzalez was charged with unlawful presence in the United States after removal, *see* 8 U.S.C. § 1326(a), and pleaded guilty pursuant to a written plea agreement. The district court sentenced Gonzalez to 70 months' imprisonment. As part

of his plea agreement, Gonzalez waived his right to appeal his conviction or sentence. He nevertheless filed a notice of appeal, but his newly appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Gonzalez opposes counsel's motion. *See* 7TH CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief and Gonzalez's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel informs us that Gonzalez does not want his guilty plea set aside. Thus, counsel need not have included in his *Anders* submission an analysis of the plea colloquy and the voluntariness of Gonzalez's plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). And because an appeal waiver stands or falls with the guilty plea, *United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Gonzalez's appeal waiver. It follows that the potential sentencing issues discussed by counsel, as well as Gonzalez's contention that he should have received credit for information he relayed to the government about the possibility of an escape attempt by fellow prisoners, are frivolous.

Counsel implies that Gonzalez might have reason to file a collateral attack challenging the performance of his former lawyer, *see* 28 U.S.C. § 2255, but the defendant also waived that relief as part of his plea agreement, *see Dowell v. United States*, 694 F.3d 898, 901–02 (7th Cir. 2012); *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.