NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2014
Decided July 24, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3323

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:12cr91-005 |
| GUILLERMO PATLAN, *Defendant-Appellant.* | Robert L. Miller, Jr. *Judge.* |

### O R D E R

Guillermo Patlan stored and transported marijuana, cocaine, and hydrocodone for a drug organization led by his brother and codefendant, Jose Patlan. The defendant was one of fourteen men charged with conspiring to distribute cocaine and marijuana. *See* 21 U.S.C. §§ 846, 841. He agreed to plead guilty and, in exchange for concessions from the government, expressly waived the right to appeal his conviction and sentence. A magistrate judge advised Patlan of the rights he was giving up by pleading guilty—including the right to appeal his sentence—and recommended that the district court accept Patlan's guilty plea. The district court adopted the magistrate judge's

recommendation, accepted Patlan's guilty plea, and imposed a within-guidelines sentence of 95 months' imprisonment.

Patlan filed a notice of appeal. His attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Patlan has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Patlan does not wish to have his guilty plea set aside, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of Patlan's plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). It follows, says counsel, that an appeal would be frivolous given Patlan's broad appeal waiver. We agree with counsel. Because an appeal waiver stands or falls with the guilty plea, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Patlan's waiver. No exception would apply, as Patlan's sentence does not exceed the statutory maximum of 40 years, *see* 21 U.S.C. § 841(b)(1)(B), and the district court did not rely on any unconstitutionally impermissible factor when it imposed his sentence, *see Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.