NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2014
Decided December 19, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-1900

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | |
| | No. 1:13-CR-22-TLS |
| JAVIER MADRIGAL, | |
| *Defendant-Appellant.* | Theresa L. Springmann, *Judge.* |

**O R D E R**

Javier Madrigal and his partner sold methamphetamine out of a restaurant Madrigal owned and operated in Indiana. Madrigal pleaded guilty to possession of at least 50 grams of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine with intent to distribute, see 21 U.S.C. § 841(a)(1), but was sentenced (based partly on relevant conduct) to 262 months' imprisonment, the bottom of the guidelines range. Although his plea agreement included an appeal waiver, Madrigal field a notice of appeal, and his appointed counsel now seeks to withdraw on the ground that all potential appellate claims are frivolous. See *Anders v. California*, 386

U.S. 738, 746 (1967). Madrigal opposes counsel's motion. See CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our review to the subjects discussed in counsel's brief plus Madrigal's response. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Madrigal could challenge the voluntariness of his guilty plea but neglects to say whether he discussed this possibility with his client. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Yet counsel's omission does not require that we deny the *Anders* motion because his discussion and our review of the record persuade us that any challenge to his guilty plea would be frivolous. Because Madrigal did not move to withdraw his plea in the district court, our review would be for plain error. See *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). The transcript of the plea colloquy shows that the district court substantially complied with Federal Rule of Criminal Procedure 11. See *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). The court advised Madrigal of his constitutional rights, the charges against him, and the minimum and maximum penalties, and the court found that the plea was voluntary and had a factual basis. See FED. R. CRIM. P. 11(b).

Counsel does consider whether Madrigal could contest the validity of the plea agreement by asserting that the government breached its agreement to recommend a sentence "equal to the minimum of the applicable guidelines range" when it sought at sentencing to hold him responsible for at least 1.5 kilograms of methamphetamine based on relevant conduct. But counsel correctly determines that this argument would be frivolous because the plea agreement did not prohibit the government from asking the district court to consider as relevant conduct any drug quantity it deemed appropriate in calculating the guidelines range. See *United States v. Linder*, 530 F.3d 556, 564–65 (7th Cir. 2008). The government complied with its agreement to recommend the minimum of a within-range sentence when it asked the court to sentence Madrigal to 262 months based on the 262 to 327-month range calculated by the court.

In his Rule 51(b) response, Madrigal proposes various arguments related to the district court's relevant-conduct findings and guidelines-range calculation, but his broad appeal waiver forecloses any such claim of error. In his plea agreement, he "expressly waive[d] my right to appeal or to contest my conviction and my sentence . . . or the manner in which my conviction or my sentence . . . was determined or imposed, to any

court on any ground . . . ." Because an appeal waiver stands or falls with the guilty plea, see *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Madrigal's waiver. Moreover, the district court did not rely on any impermissible factor when it imposed his sentence, see *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005), and the term of 262 months' imprisonment is below the statutory maximum of life, see 21 U.S.C. § 841(b)(1)(A); *Bownes*, 405 F.3d at 63.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.