NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2015
Decided October 26, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-1532 | |
| | Appeal from the |
| UNITED STATES OF AMERICA, | United States District Court for the |
| *Plaintiff-Appellee*, | Southern District of Illinois. |
| | |
| *v.* | No. 13-CR-30091-03-MJR |
| | |
| DEWAYNE HILL, | Michael J. Reagan, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Dewayne Hill joined a conspiracy to distribute cocaine in the St. Louis area and, as part of that conspiracy, served as an armed guard at a meeting to pick up a cocaine shipment. He pleaded guilty to conspiring to distribute more than five kilograms of cocaine, 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of that conspiracy, 18 U.S.C. § 924(c); and possessing a firearm as a felon, *id.* § 922(g). He was sentenced to 10 years' imprisonment for the conspiracy, 21 U.S.C. § 841(b)(1)(A), plus a consecutive five-year term for possessing a firearm in furtherance of that conspiracy, § 924(c)(1)(A). Although his plea agreement included an appeal waiver, Hill filed a notice of appeal. His lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Hill opposes the motion. *See* 7th Cir. R. 51(b). Counsel

has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses plus the additional arguments in Hill's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Hill does not wish to withdraw his plea, and Hill's response confirms that he is "only asking for a sentencing modification." Thus, we need not discuss the plea colloquy or the voluntariness of the guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel and Hill, in his Rule 51(b) response, propose various arguments related to Hill's sentence and the amount of fines imposed, but his broad appeal waiver forecloses any such claims of error. Hill waived his right to appeal "any aspect of his conviction and sentence" unless his sentence exceeded the guidelines range or statutory minimum, "whichever is greater." Because an appeal waiver stands or falls with the guilty plea, *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Hill's waiver. The district court did not rely on any impermissible factors when it imposed his sentence, *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005), and the 15-year combined term is below the statutory maximum of life, 21 U.S.C. § 841(b)(1)(A); *Bownes*, 405 F.3d at 637. Further, as counsel properly points out, Hill's sentence did not exceed his guidelines range or his statutory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A); U.S.S.G. § 5G1.1(b).

Hill also appears to claim that his counsel was ineffective, but such claims are best raised as a collateral attack where a fuller record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.