NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2016
Decided March 3, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-1965

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> ANDRE A. FORBES, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:14CR026-001 <br><br> Jon E. DeGuilio, <br> *Judge*. |

**O R D E R**

Andre Forbes pleaded guilty to distributing a controlled substance, 21 U.S.C. § 841(a)(1), as well as possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and tampering with a witness, 18 U.S.C. § 1512(b)(1). He was sentenced to a total of 216 months' imprisonment, within the guidelines range. As part of the parties' plea agreement, the government dropped a charge of possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1), which would have added a consecutive 60-month term to his sentence. Although the plea agreement also includes an appeal waiver, Forbes filed a notice of appeal, and his appointed counsel now seeks to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738,

744 (1967). Forbes opposes the motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our discussion to the issues identified in that brief and in Forbes' response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Forbes could challenge the voluntariness of his guilty pleas. After consulting with his client, *see United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 670–71 (7th Cir. 2002), counsel concluded that Forbes "may" want to challenge his guilty pleas but lacks a nonfrivolous basis for an appellate claim. We agree. The transcript of the plea colloquy shows that the district court substantially complied with Federal Rule of Criminal Procedure 11. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). The court advised Forbes of his constitutional rights, the charges against him, the maximum penalties, and the effect of his appeal waiver, and also found that the defendant's pleas were voluntary and supported by an adequate factual basis. *See* FED. R. CRIM. P. 11(b).

Forbes argues in his Rule 51(b) submission that he should be permitted to contest his guilty pleas because, he asserts, the government violated the parties' plea agreement by introducing at sentencing evidence of uncharged drug dealing. But this argument would be frivolous because the parties did not enter any agreement about the drug quantity to be used in setting the base offense level and in calculating the guidelines imprisonment range. *See United States v. Linder*, 530 F.3d 556, 564–65 (7th Cir. 2008) (noting that government cannot breach nonexistent term of plea agreement).

Counsel next correctly concludes that any challenge to Forbes' sentence or the manner in which it was imposed would be frivolous because of the broad appeal waiver in Forbes' plea agreement. Forbes waived "my right to appeal or contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel." Because an appeal waiver stands or falls with a guilty plea, *see United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014); *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Forbes' waiver. No exception to the appeal waiver is suggested by the record in this case. *See Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012);

*United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). Therefore, the remaining contentions about his sentence that Forbes makes in his Rule 51(b) submission would all be frivolous because the appeal waiver precludes them.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.