NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2016
Decided June 1, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2802

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> GILBERTO MIGUEL LAUREANO, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 10 CR 772 <br><br> James B. Zagel, <br> *Judge.* |

**O R D E R**

Gilberto Laureano pleaded guilty to a conspiracy to distribute and to possess with the intent to distribute 9.7 kilograms of heroin, 21 U.S.C. § 841(a)(1), after he enlisted a co-conspirator to drive with him to Mexico, pick up heroin, and drive back to Chicago with the drugs. Laureano was sentenced to 120 months' imprisonment, the statutory minimum, and 5 years' supervised release. Although his plea agreement included a broad appeal waiver, Laureano appealed. His lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Laureano to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the

issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Laureano does not wish to challenge his guilty plea, and thus we do not discuss the voluntariness of the plea or the adequacy of Laureano's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). It follows, counsel properly explains, that any challenge to Laureano's sentence would be frivolous. Because an appeal waiver stands or falls with the guilty plea, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Laureano's waiver. The district court did not rely on any impermissible factors in sentencing, and Laureano's sentence does not exceed the statutory maximum of life. *See Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). And the waiver forecloses any challenge to Laureano's conditions of supervised release. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). If Laureano encounters problems with these conditions when supervised release begins, he may seek modification under 18 U.S.C. § 3583(e)(2). *See Campbell*, 813 F.3d at 1019; *United States v. Neal*, 810 F.3d 512, 514 (7th Cir. 2016).

We GRANT counsel's motion to withdraw and DISMISS the appeal.