NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2016
Decided September 22, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3850

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CR-58 |
| DERRICK M. CORN, *Defendant-Appellant*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

Derrick Corn, a Menominee Indian, called the tribal police and reported that his 6-month-old daughter was not breathing normally. Officers found the child unresponsive and having seizures. The child was rushed to the hospital and diagnosed with multiple skull fractures caused by intentional, severe trauma. A grand jury charged Corn with committing an assault on a reservation causing "serious" bodily injury, which carries a maximum penalty of 10 years' imprisonment. 18 U.S.C. §§ 1153, 113(a)(6). As part of a plea agreement, however, the government dismissed that charge and instead allowed Corn to plead guilty to an information alleging that his assault on the reservation caused "substantial" bodily injury to a child, a change that reduced the

maximum penalty to 5 years. *Id.* §§ 1153, 113(a)(7). Corn agreed not to challenge his sentence on appeal except for claims asserting (1) punishment in excess of a statutory maximum; (2) the district court's reliance at sentencing on a constitutionally impermissible factor; or (3) ineffective assistance of counsel. Corn was sentenced to 5 years' imprisonment to be followed by 3 years' supervised release.

Despite the appeal waiver, Corn filed a notice of appeal, but his newly appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Corn has not accepted our invitation to comment on counsel's motion. *See* 7TH CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our discussion to the issues she identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Corn has told counsel that he wants to challenge his guilty plea, so counsel first evaluates the possibility of contesting the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Because Corn did not move to withdraw his plea in the district court, we would review for plain error. *See United States v. Vonn*, 535 U.S. 55, 59, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The district court ensured that Corn's guilty plea was knowing and voluntary by substantially complying with Federal Rule of Criminal Procedure 11. The court admonished Corn about the nature of the charge, the statutory maximum penalties, the trial rights he was giving up, the role of the sentencing guidelines, and the consequences of the appeal waiver. *See* FED. R. CRIM. P. 11(b); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Corn concurred with the written factual basis in his plea agreement and assured the court that he was satisfied with counsel's efforts on his behalf. Nothing about the plea colloquy suggests that Corn's guilty plea was involuntary.

It follows, says counsel, that Corn's appeal waiver must be enforced. We agree with that assessment. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). The district court did not rely on any impermissible factors in sentencing, and Corn's terms of imprisonment and supervised release are within the statutory maximum. *See Dowell v. United States*,

694 F.3d 898, 901–02 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637
(7th Cir. 2005).

Finally, counsel tells us that Corn has suggested "that his trial attorney was
ineffective with respect to investigating his case and presenting evidence to contradict
the government's evidence." But counsel properly recognizes that claims of ineffective
assistance are best raised in a collateral proceeding where an evidentiary foundation
can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United
States v. Flores*, 739 F.3d 337, 340–41 (7th Cir. 2014).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.